IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:24-CR-139 |
| | : (JUDGE MARIANI) |
| SOLOMON RODRIGUEZ and | : |
| STEVEN WONG, | : |
| | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On May 28, 2024, a federal grand jury returned an Indictment in the above-captioned case, charging Defendants Steven Wong, Joushton Rodriguez, Solomon Rodriguez, and Mohammed Zeidan with the following offenses:

- Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, beginning on July 22, 2020 and continuing through September 2020 (Count 1).

- Attempted Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, on or about August 29, 2020 (Count 2).

- Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, and Wong, on or about August 30, 2020 (Count 3).

- Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about August 30, 2020 (Count 4).

- Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about September 14, 2020 (Count 5).

- Firearms Conspiracy, in violation of 18 U.S.C. § 924(o), against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, beginning on or about July 1, 2020 and continuing to on or about January 8, 2021 (Count 6).

(Doc. 1).

Trial as to Defendants Wong and S. Rodriguez is scheduled to commence on June 10, 2024.[1]

Presently before the Court are three *in limine* motions filed by Defendant Wong: (1) Motion in Limine to Preclude Reference to the Infamous Ryders Motorcycle Club and Other Gang Activity (Doc. 13); (2) Motion in Limine to Preclude Cornelius Green's Guilty Plea (Doc. 15); and (3) Motion in Limine to Preclude the Testimony and Hearsay Statements of William Murphy (Doc. 17).[2]

---

[1] Defendant J. Rodriguez entered a guilty plea before this Court on May 31, 2024 (*see* Docs. 86, 87). The Court also granted Defendant Zeidan's unopposed motion to sever him from the other defendants and trial as to Defendant Zeidan is currently scheduled to commence on September 9, 2024 (Docs. 88, 95).

[2] Defendant Wong's motions in limine were first filed in criminal action 3:22-cr-72. On May 24, 2024, following the partial grant of Defendant Wong's "Motion to Dismiss for Violation of Defendant's Right

2

## II. STANDARD OF REVIEW

The Court notes at the outset that it exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Although "[t]he purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. . . [, t]he trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (internal citations omitted).

Further, while motions *in limine* may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260). In addition, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). It is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,

---

to Speedy Trial" and prior to the indictment in the above-captioned case, the Court held a telephone status conference with all parties in case number 3:22-cr-72, wherein the Government informed the Court that it intended to seek a new indictment against all defendants on May 28, 2024. During the telephone status conference, the parties agreed that all pending motions and associated documents from criminal case number 3:22-cr-72-RDM should also be deemed filed in the above-captioned action.

758 n.3 (2000). See also, Luce v. United States, 469 U.S. 38, 41-42 (1984) ("... even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

### III. ANALYSIS

#### A. Motion in Limine to Preclude Reference to the Infamous Ryders Motorcycle Club and Other Gang Activity (Doc. 13)

Defendant Wong requests that the Court "preclude the Government from making references to gangs or gang activity at trial", pursuant to Fed. R. Evid. 403. (Doc. 13). Specifically, Wong anticipates that the Government will "seek to admit evidence of Wong's membership in the Infamous Ryders Motorcycle Club ['IRMC']" and that the Government will claim that this Club is affiliated with the Pagan Gang. (Doc. 14, at 1-2).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

4

Preliminarily, the Government states that it "has no intention of referencing or characterizing IRMC as a 'gang'." (Doc. 31, at 15). Thus, Defendant Wong's request that the Government be precluded from referring to the IRMC as a "gang" will be granted.

Nonetheless, the Government argues that Wong's membership in the IRMC "is highly probative of the material facts underlying the charged conspiracy in this case and he is not prejudiced by the mere fact of his membership in IRMC." (Doc. 31, at 15). Citing to screenshots from the Pennsylvania Department of State Registration for "Infamous Ryders MC" and from the "Infamous-Ryders MC" Facebook page, the Government asserts that "IRMC is a membership based, non-profit, corporate entity that hosts multiple motorcycle and non- motorcycle related events each year", that the organization claims to provide "a clubhouse' for member gatherings, organizes member contributions to 'Toys for Tots' and other charitable causes, and hosts group motorcycle rides and shows open to both IRMC members and the general public." (Doc. 31, at 2-3; Ex. 1, 2). The Government alleges that seven of the nine charged conspirators, including Wong, were "dues-paying members or associates of IRMC" and that Wong leveraged his position as President of IRMC "to direct other members and associates of IRMC to commit a series of robberies in furtherance of the conspiracy." (*Id*. at 18). Further, according to the Government:

> [e]vidence of Defendant Wong's membership establishes the association of co-conspirators, their allegiance to each other, their willingness to work together, and their opportunity and motive to conspire with one another. In this case, each co-defendant's membership in IMRC demonstrates his or her relationship to other members and is intrinsic evidence of the charged conspiracy.

5

(Doc. 31, at 18-19).

Defendant's argument that differentiating "Infamous Ryders Motorcycle Club" from "Infamous Ryders Motorcycle Gang" "is a distinction without a difference" and thus even any reference to the "Infamous Ryders Motorcycle Club" would carry the same prejudicial effect as referring to it as a "Gang" (Doc. 14, at 3) is without merit. There is no support for Defendant's contention that "[i]t is common knowledge to anyone in the jury pool that the Infamous Ryders Motorcycle Club is a gang" (*id.*). Should any person in the jury pool hold this belief, the prejudice, if any, to references to the Infamous Ryders Motorcycle Club is greatly diminished through the voir dire which this Court will ask at the commencement of trial, which will specifically question the prospective jurors with respect to their knowledge of motorcycle groups in general, and the IRMC in particular.

However, the Court will defer ruling on Defendant's request that the Court preclude evidence of Wong's membership in the IRMC. At trial, specific reference to the IRMC and Defendant's membership in the IRMC will be subject to an initial showing of factual relevance. As would be the case with any evidence which may be relevant, prior to eliciting testimony or making reference to the IRMC, it will be the Government's responsibility to present foundation evidence to establish that the IRMC is relevant to establishing the charged conspiracy in Counts 1 and/or 6.

## B. Motion in Limine to Preclude Cornelius Green's Guilty Plea (Doc. 15)

Defendant Wong next motion moves to preclude Cornelius Green's guilty plea to Count 2 of the original indictment in criminal action 3:22-cr-72 (Doc. 15).

Defendant's motion arises out of the following procedural history:

On February 23, 2022, a federal grand jury returned an Indictment against Joushton Rodriguez, Solomon Rodriguez, and Cornelius Green in criminal case number 3:22-cr-72. The Indictment charged Defendants with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count 1) and Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). On February 6, 2023, Defendant Green pleaded guilty to Count 2 of the Indictment, specifically that on or about September 14, 2020, the defendants knowingly brandished, carried, and used firearms, during and in relation to a crime of violence, and in furtherance of a crime of violence, and aided and abetted the same in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (3:22-cr-72, Docs. 1, 69, 71). On June 21, 2023, Steven Wong was charged for the first time in criminal action 3:22-cr-72 when the grand jury returned a 6-count Superseding Indictment against Wong, J. Rodriguez, S. Rodriguez, Mohammed Zeidan, and Rachel Lysakowski (*id.* at Doc. 98). Green was sentenced on August 1, 2023, to a term of 84 months imprisonment. (*Id.* at Doc. 113). Following the partial dismissal of the Second Superseding Indictment in case number 3:22-cr-27 by this Court for violations of Wong's speedy trial rights, on May 28, 2024, a federal

7

grand jury returned an Indictment in the above-captioned case, which charged Defendants Wong, J. Rodriguez, S. Rodriguez, and Zeidan with the same six counts as those charged in the Second Superseding Indictment in criminal case number 3:22-cr-72 (see Doc. 1).

Defendant Wong moves to preclude Cornelius Green's guilty plea to Count 2 of the original indictment in criminal action 3:22-cr-72, specifically that on or about September 14, 2020, Green knowingly brandished, carried, and used firearms, during and in relation to a crime of violence, and in furtherance of a crime of violence, and aided and abetted the same. Defendant argues that this evidence would violate his Sixth Amendment right to cross-examine Green and constitutes inadmissible hearsay under Federal Rule of Evidence 802. (Docs. 15, 16). Defendant Wong notes that the event to which Green pleaded guilty is the same event that forms the basis for the current charge against Wong in Count 5 via accomplice liability and that the event constitutes an overt act relating to the charges of Conspiracy to Interfere with Commerce by Robbery and Firearms Conspiracy, currently charged in Counts 1 and 6 of the Indictment. (Doc. 16, at 1-2).

In response to Defendant's motion, the Government acknowledges that Green "is not expected to testify at the time of trial" and therefore states that it "does not intend to introduce . . . Green's guilty plea as evidence at trial." (Doc. 32, at 14). The Government nonetheless states that intends "to introduce independent evidence at trial which establishes . . . Green's guilt in the charged offense, as well as the underlying factual basis for his guilt plea." (Id. at 14-15).

In light of the Government's concession that it will not introduce Green's guilty plea at trial, the Court will deny Defendant's Wong's Motion in Limine, without prejudice to his ability to raise the issue again at trial should the Government attempt to introduce Green's guilty plea in criminal case 3:22-cr-72. The Government's current position also does not appear to implicate either Defendant's Sixth Amendment rights or the rule against hearsay set forth in Fed. R. Evid. 802, nor did Defendant file a Reply brief indicating differently or asserting that the Government's representations did not resolve the issues raised in the present motion.

### C. Motion in Limine to Preclude the Testimony and Hearsay Statements of William Murphy (Doc. 17)

Wong also moves for this Court to preclude the Government "from admitting the testimony and hearsay statements of William Murphy." (Doc. 17). Defendant asserts that the "Government intends to call William Murphy to testify at trial regarding conversations he had with Wong and other charged and uncharged alleged conspirators in this case" but that "Murphy was and is not a charged or uncharged co-conspirator relating to the charges in this case, had no membership in the conspiracy, and had no involvement in the alleged crimes in this case." (Doc. 18, at 1-2). Defendant thus argues that Murphy's testimony "has no relevance" and that he "should be precluded from testifying." (*Id.*). Wong further requests that this Court "conduct a pretrial hearing regarding the admissibility of William Murphy's statements and to require the Government to provide a summary of the

independent evidence it would introduce to establish the existence of a conspiracy between Wong and Murphy which is admissible in this particular trial." (*Id.* at 3).

Wong's arguments misstate the Government's apparent intentions with respect to Murphy's testimony. In response to Wong's motion, the Government does not assert that Murphy is a member of one or both of the charged conspiracies, but instead states that Murphy will be called as a fact witness "regarding relevant actions to which he has firsthand knowledge of" and further states that it "will not seek to introduce any hearsay statements from" Murphy. (Doc. 50). The Government offers as examples of Murphy's personal knowledge his own acquaintance with Wong, his membership in IRMC, his knowledge of the other members of IRMC and their interactions with Wong, as well as conversations Murphy overheard between conspiracy members in furtherance of a charged conspiracy. (*Id.* at 16-17). The Government further explains that it will elicit testimony from Murphy that he participated in Facebook group chats with Wong and other conspirators to the charged crimes, and that the statements made by Wong and the conspirators "were in fact made by those conspirators". (*Id.* at 18).

As previously explained, evidence is deemed relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Here, it is evident that Murphy's anticipated testimony as a fact witness is highly relevant to this case and that the Government is only attempting to elicit testimony from Murphy of relationships, conversations, and events of which he has personal and first-hand knowledge. In addition, statements made by Wong to Murphy, as well as those of his alleged co-conspirators during and in furtherance of the charged conspiracies, may constitute admissions of a party opponent under Fed. R. Evid. 801(d)(2) and thus excluded from the rule against hearsay. However, where the Court has not yet heard any evidence in this case, should the Government attempt to elicit testimony from Murphy at trial that Wong considers to be irrelevant to the charges or outside of the scope of Murphy's personal knowledge, or otherwise subject to proper objection, he shall timely raise such objection at that time.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wong's Motion in Limine to Preclude Reference to the Infamous Ryders Motorcycle Club and Other Gang Activity (Doc. 13), Motion in Limine to Preclude Cornelius Green's Guilty Plea (Doc. 15) and Motion in Limine to Preclude the Testimony and Hearsay Statements of William Murphy (Doc. 17) will be decided as set forth herein.  A separate Order follows.

Robert D. Mariani
United States District Judge